**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN**

ANTOINE JEROME BASS                                                            PLAINTIFF

v.                                                      CIVIL ACTION NO. 1:12CV-P182-R

JACKIE STRODE *et al.*                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Antoine Jerome Bass filed a *pro se* complaint pursuant to 42 U.S.C. § 1983

regarding the conditions of his confinement at the Warren County Regional Jail (WCRJ).  This

matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A.  *See*

*McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the Court

will dismiss a portion of the complaint, allow a portion to continue, and allow Plaintiff to amend

one claim.

**I.  SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee at the WCRJ.  He brings suit against Warren County Jailer

Jackie Strode in his official capacity; Southern Health Partners and its "Medical Staff" in their

individual and official capacities; and WCRJ Captain William Baker in his individual and

official capacities.

In the complaint, Plaintiff alleges that he was taken to isolation on July 21, 2012, where

he had to eat and sleep on the floor, "which was very unsanitary."  He reports being in isolation

up to 72 hours without cleaning supplies to kill the germ-infested floor.

Plaintiff states that while still in isolation on July 24, 2012, he and fellow inmates were

"tortured and highly degraded."  He alleges that they were forced by Defendant Baker to "clean

out a feced infested sewage drain without gloves, with tazers aimed at us."  He states that

Defendant Baker actually had tased another inmate for not cleaning out the sewage "so we knew he meant buisness by all means necessary."

Plaintiff further reports that he already advised staff that he had eczema and that after lying on the floor and cleaning out the sewage drain, he began having outbreaks all over his body. In the beginning, maintains Plaintiff, the medical staff tried to help him but the creams and pills did not kill whatever caused his outbreak. He states that as of the time he filed the complaint in mid-October 2012, he has not been seen by an outside doctor and that he has been filling out one medical request after another. He states that there are nights when he scratches himself so bad that he begins to bleed because he has not been given proper treatment.

Plaintiff alleges cruel and unusual punishment under the Eighth Amendment and a due-process violation under the Fourteenth Amendment and state-law claims of assault and battery.

As relief, Plaintiff seeks monetary and punitive damages and injunctive relief.

## II. <u>STANDARD OF REVIEW</u>

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless.  *Id.* at 327.

  In order to survive dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

  Although courts are to hold *pro se* pleadings "to less stringent standards than formal

pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less

stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16,

19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518

F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*,

775 F.2d 1274, 1278 (4th Cir. 1985).

# III. ANALYSIS

## A.    *Federal Claims*

Plaintiff alleges violations of the Eighth Amendment and Fourteenth Amendment. Plaintiff was not a convicted prisoner at the time of the events alleged; he was a pretrial detainee. As such, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). "The Due Process Clause of the Fourteenth Amendment extends the protection of the Eighth Amendment to pretrial detainees such as Plaintiff." *Harrell v. Grainger Cnty., Tenn.*, 391 F. App'x 519, 522 (6th Cir. 2010); *Watkins v. City of Battle Creek*, 273 F.3d at 685-86 ("Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners.").

Plaintiff's claims, therefore, will proceed under the Fourteenth Amendment but be analyzed like Eighth Amendment claims.

### 1.   *Official-Capacity Claims Against Defendants Strode and Baker*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Strode and Baker, therefore, are actually against Warren County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, none of the allegations in the complaint or its supplement demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Warren County.  Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.  Additionally, "a municipality is immune from punitive damages under 42 U.S.C. § 1983."  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).  For these reasons, the official-capacity claims against Defendants Strode and Baker must be dismissed.

### 2. *Individual-Capacity Claim Against Defendant Baker*

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

With respect to his claim that he was in isolation for up to 72 hours and forced to eat and sleep on the floor without cleaning supplies, the Court concludes that Plaintiff has failed to allege a constitutional violation. Plaintiff fails to name any Defendant responsible for those conditions, and he was subjected to the conditions for only a short-period of time. *See, e.g.*, *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *Ziegler v. Michigan*, 50 F. App'x 622, 624 (6th Cir. 2003) (allegations of overcrowded cells and denials of daily showers and out-of-cell exercise do not rise to constitutional magnitude, where a prisoner is subjected to the purportedly wrongful conditions for six days one year and ten days the next year); *Metcalf v. Veita*, No. 97-1691, 1998 WL 476254, at *2 (6th Cir. Aug. 3, 1998) (finding that an eight-day denial of showers, trash removal,

6

cleaning, and laundry did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment).

As to Plaintiff's claim that he was forced to clean out a sewage drain without gloves and with tasers aimed at him, the Court will allow this claim to continue against Defendant Baker in his individual capacity for damages.

### 3.  *Southern Health Partners and Its "Medical Staff"*

Plaintiff alleges a denial of proper medical treatment.  In the caption of his complaint, Plaintiff lists only "Southern Health Partners," but in the parties section of his complaint, he indicates that he is suing "Defendant Southern Health Partners . . . as Medical Staff at Warren County Regional Jail."  It is unclear, therefore, if Plaintiff seeks to sue only Southern Health Partners, only its "Medical Staff," or both.  Regardless of who Plaintiff is suing, his complaint fails to state a claim as currently drafted.

The municipal-liability law discussed above applies to § 1983 claims against a private corporation like Southern Health Partners.[1]  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").  Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training."  *Id.*; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation

---

[1]The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'"  *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).  Southern Health Partners has apparently contracted with the WCRJ to provide medical services to the inmates.  Thus, on initial review of the complaint, the Court presumes that Southern Health Partners is a state actor.

of [plaintiff's] Eighth Amendment rights.").  Plaintiff has not alleged that Southern Health

Partners' medical staff acted pursuant to a policy or custom in causing any alleged harm.

Nothing in the complaint or its supplement demonstrates that the action or inaction of any

medical personnel occurred as a result of a policy or custom implemented or endorsed by

Southern Health Partners.  The complaint, therefore, fails to establish a basis of liability against

Southern Health Partners.

       To the extent Plaintiff names "Medical Staff," this, too, is insufficient to state a claim

upon which relief may be granted.  He fails to specify a particular person on the medical staff

who allegedly failed to treat his skin condition.  The Court, therefore, will provide Plaintiff with

an opportunity to amend the complaint to name the person(s) who allegedly denied him medical

treatment.

**B.     *State-Law Claims***

       The Court will allow Plaintiff's assault and battery claims to proceed against Defendant

Baker.

## IV.  <u>ORDER</u>

For the reasons set forth more fully above, and being otherwise sufficiently advised,

**IT IS ORDERED** that the Fourteenth Amendment, individual-capacity claim for damages and the state-law claims of assault and battery regarding the July 24, 2012, incident shall proceed against Defendant Baker.  In permitting these claims to continue, the Court passes no judgment on the merits or ultimate outcome of the case.  The Court will enter a separate Scheduling Order governing the development of these continuing claims.

**IT IS FURTHER ORDERED** that within **30 days** of entry of this Memorandum Opinion and Order, Plaintiff may amend his Fourteenth Amendment claim of denied medical treatment to provide more details, including who he contends denied him treatment.  Plaintiff's failure to file an amended complaint as to his denial-of-medical-treatment claim within 30 days **will result in dismissal** of this claim.  The **Clerk of Court is DIRECTED** to send Plaintiff a § 1983 form, affixing this case number on it for Plaintiff's use should he wish to amend his claim.

Finally, **IT IS ORDERED** that **all other claims are DISMISSED**.  Because all claims are dismissed against Defendants Strode and Southern Health Partners, the **Clerk of Court is DIRECTED** to terminate them as parties to this action.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Warren County Attorney
4413.005

9