UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:12-CV-182

ANTOINE JEROME BASS                                                                                PLAINTIFF

v.

JACKIE STRODE, *et al*.                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant William Baker's Motion for Summary Judgment (DN 13). On January 16, 2013, and again on April 19, 2013, this Court ordered Plaintiff to file his response or risk review of Defendant's motion without the benefit of his response. (DN 16 & 25.) Plaintiff has filed a response, (DN 27), and Defendant has replied, (DN 35.) This matter is now ripe for adjudication. For the following reasons, Defendant's Motion for Summary Judgment (DN 13) is GRANTED.

## FACTUAL BACKGROUND

Plaintiff Antoine Jerome Bass filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 regarding the conditions of his confinement at the Warren County Regional Jail ("WCRJ"). (DN 1.) On initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed the Fourteenth Amendment, individual-capacity claim for damages, and the state law claims of assault and battery regarding the July 24, 2012, incident to proceed against Defendant William Baker. The Court also provided Plaintiff with an opportunity to amend his Fourteenth Amendment claim of denied medical treatment to provide more details, (DN 7), which he did within the time allotted. (DN 10.) In his Amended Complaint, Plaintiff names in their individual and official capacities Southern Health Partners and Nurses Crystal Lowe, Barbara Brown, and

Elizabeth Crane. The Court performed a second § 1915A review, dismissing his claim for injunctive relief as moot, but allowing the remaining claims to continue against all Defendants.

## DISCUSSION

Defendant Baker now moves for summary judgment, arguing that because Plaintiff has failed to exhaust his administrative remedies prior to filing suit, his action is barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Specifically, although the WCRJ's grievance procedures require an inmate to file a grievance within forty-eight hours from the time of any incident, Plaintiff did not file a grievance until over three months later. As a result, no action was taken. Bass did not appeal the decision on his grievance.

Congress enacted the PLRA to preclude prisoners from bringing actions regarding prison conditions in any jail until available administrative remedies were exhausted. The purpose was to reduce the quantity and improve the quality of prisoner suits. *Gowdy v. Simpson*, 2007 WL 4300841, *1 (W.D. Ky. Dec. 7, 2007). Consequently, "a prisoner confined in any jail, prison, or other correctional facility may not bring an action with respect to prison conditions under § 1983 until the available administrative remedies are exhausted." *Id.* The plain language of the statute makes exhaustion a precondition to filing an action in federal court. *Freeman v. Francis, et al.*, 196 F.3d 641, 645 (6th Cir. 1999). Because he was clearly a "prisoner" at the time he filed suit, Plaintiff was subject to the PLRA's requirements. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011). Plaintiff admits that he failed to exhaust his administrative remedies, but argues "the fact still remains my Constitutional Rights were violated." (Pl.'s Resp., 2, DN 27.)

## CONCLUSION

The clear mandate of the PLRA requires exhaustion prior to filing suit in federal court. Plaintiff has offered no reason for failing to comply. As a result, Defendants' Motion for Summary Judgment, (DN 13), is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE. An appropriate order shall issue.


Date:


CC: Plaintiff, *pro se*
      Counsel